1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN MACKSON, SR.,

11            Plaintiff,              No. CIV S-07-0551 LKK DAD P

12        vs.

13   DR. ROCHE, et al.,

14            Defendants.             <u>ORDER</u>

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  Plaintiff has filed an amended complaint and an application to proceed in forma

18   pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate

19   judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

24   28 U.S.C. § 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1   the preceding month's income credited to plaintiff's prison trust account.  These payments will

2   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4   § 1915(b)(2).

5            The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, ___ U.S. ___,            , No. 05-1126, 2007 WL 1461066, at *8 (U.S. May 21,

22  2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive

23  dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation

24  of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right

25  to relief above the speculative level."  Bell Atlantic, 2007 WL 1461066, at *8.  In reviewing a

26  complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of official personnel in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

> In the present case, plaintiff has named as defendants Dr. Roche, R.N. French,

R.N. Miller, Dr. James, Dr. Dudley, Dr. Dial, and Warden Felker.

> Plaintiff alleges that defendant Roche has repeatedly refused to send him to

California Medical Facility or provide him with sign language training.  In addition, plaintiff

alleges that defendant Roche has refused to refer him to an orthopedic specialist for treatment for

1 the metal rod and six pins in his right hip and femur.  Plaintiff alleges that his right leg is one

2 inch shorter than his left leg.

3 Plaintiff alleges that defendant French has blocked his access to medical care by

4 lying and saying that plaintiff can hear fine without hearing aids.  Plaintiff alleges that defendant

5 French has also falsely claimed that his family will provide him with sign language books so that

6 the prison system does not have to use its federal funds to pay for the materials.

7 Plaintiff alleges that defendant Dudley refuses to treat him beyond providing him

8 with pills.  Plaintiff alleges that defendant Dudley also refuses to refer plaintiff to an orthopedic

9 specialist because he has a pending lawsuit against some of defendant Dudley's colleagues.

10 Plaintiff alleges that defendant Dial refuses to treat him unless plaintiff uses the

11 grievance system against him, and the prison forces him to provide plaintiff with treatment.

12 Plaintiff alleges that defendant Miller improperly discontinued his medical

13 chrono.  Plaintiff alleges that he has prostate problems and should have been examined before the

14 chrono was discontinued.

15 Plaintiff alleges that defendant James tried to blackmail him into taking

16 medication and forced plaintiff to stay in the hospital longer for refusing to take medication.

17 Finally, plaintiff alleges that defendant Felker has refused to stop medical staff

18 from treating plaintiff and other prisoners in a less than humane manner.  Plaintiff also alleges

19 that defendant Felker has implemented a flush control timer that limits plaintiff to flushing the

20 toilet twice in five minutes, forcing him to smell other prisoners' waste.

21 The court finds that plaintiff's complaint states cognizable claims for relief

22 against Dr. Roche, R.N. French, R.N. Miller, Dr. James, Dr. Dudley, and Dr. Dial.  If the

23 allegations of the complaint are proven against these defendants plaintiff has a reasonable

24 opportunity to prevail on the merits of this action.  The court finds that plaintiff's complaint does

25 not state a cognizable claim against Warden Felker.  Plaintiff has failed to allege any specific

26 causal link between the actions of Warden Felker and the claimed constitutional violations.

4

1         Accordingly, IT IS HEREBY ORDERED that:

2         1.  Plaintiff's May 21, 2007 application to proceed in forma pauperis is granted.

3         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4   The fee shall be collected and paid in accordance with this court's order to the Director of the

5   California Department of Corrections and Rehabilitation filed concurrently herewith.

6         3.  Service of the complaint is appropriate for the following defendants:  Dr.

7   Roche, R.N. French, R.N. Miller, Dr. James, Dr. Dudley, and Dr. Dial.

8         4.  The Clerk of the Court shall send plaintiff six USM-285 forms, one summons,

9   an instruction sheet and a copy of the amended complaint filed May 21, 2007.

10        5.  Within thirty days from the date of this order, plaintiff shall complete the

11  attached Notice of Submission of Documents and submit all of the following documents to the

12  court at the same time:

13        a.  The completed, signed Notice of Submission of Documents;

14        b.  One completed summons;

15        c.  One completed USM-285 form for each defendant listed in number 3

16        above; and

17        d.  Seven copies of the amended complaint filed May 21, 2007.

18        6.  Plaintiff shall not attempt to effect service of the complaint on defendants or

19  request a waiver of service of summons from any defendant.  Upon receipt of the above-

20  described documents, the court will direct the United States Marshal to serve the above-named

21  defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

22  DATED: May 29, 2007.

23

24                       _Dale A. Drozd_

25  DAD:9                     DALE A. DROZD
    mack0551.1a               UNITED STATES MAGISTRATE JUDGE

26

1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN MACKSON, SR.,

11              Plaintiff,                    No. CIV S-07-0551 LKK DAD P

12        vs.

13   DR. ROCHE, et al.,                    NOTICE OF SUBMISSION

14              Defendants.                 OF DOCUMENTS

15   _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18              _____  one completed summons form;

19              _____  six completed USM-285 forms; and

20              _____  seven true and exact copies of the amended complaint filed May 21, 2007.

21   DATED: _____.

22
23                                          _____
24                                          Plaintiff
25
26