1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN MACKSON, SR.,

11              Plaintiff,                    No. CIV S-07-0551 LKK DAD P

12        vs.

13   DR. ROCHE, et al.,                      ORDER AND ORDER DIRECTING SERVICE

14              Defendants.                  BY THE UNITED STATES MARSHAL

15   _____/                WITHOUT PREPAYMENT OF COSTS

16            Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order

17   filed May 30, 2007, the court previously determined that plaintiff's amended complaint states

18   cognizable claims for relief against defendants: Dr. Roche, R.N. French, R.N. Miller, Dr. James,

19   Physician Assistant Dudley, and Dr. Dial and ordered plaintiff to provide information for service

20   of process on form USM-285, sufficient copies of the amended complaint for service, a

21   completed summons, and a notice of compliance. Plaintiff has submitted the required papers.

22            Accordingly, IT IS HEREBY ORDERED that:

23            1. The Clerk of the Court is directed to forward plaintiff's instructions for service

24   of process, the completed summons, copies of the amended complaint, and copies of this order to

25   the United States Marshal.

26   /////

1

1         2. Within ten days from the date of this order, the United States Marshal is

2 directed to notify defendants: Dr.Roche. R.N. French, R.N. Miller, Dr. James, Dr. Dudley, and

3 Dr. Dial of the commencement of this action and to request a waiver of service of summons from

4 each defendant in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

5         3. The United States Marshal is directed to retain the sealed summons and a copy

6 of the amended complaint in their file for future use.

7         4. The United States Marshal shall file returned waivers of service of summons as

8 well as any requests for waivers that are returned as undelivered as soon as they are received.

9         5. If a waiver of service of summons is not returned by a defendant within sixty

10 days from the date of mailing the request for waiver, the United States Marshal shall:

11         a. Personally serve process and a copy of this order upon the defendant

12         pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

13         § 566(c) and shall command all necessary assistance from the California

14         Department of Corrections and Rehabilitation (CDCR) to execute this

15         order. The United States Marshal shall maintain the confidentiality of all

16         information provided by the CDCR pursuant to this order.

17         b. Within ten days after personal service is effected, the United States

18         Marshal shall file the return of service for the defendant, along with

19         evidence of any attempts to secure a waiver of service of summons and of

20         the costs subsequently incurred in effecting service on said defendant. The

21         costs shall be enumerated on the USM-285 form and shall include the

22         costs incurred by the Marshal's office for photocopying additional copies

23         of the summons and amended complaint and for preparing new USM-285

24         forms, if required. Costs of service will be taxed against the personally

25         served defendant in accordance with the provisions of Fed. R. Civ. P.

26         4(d)(2).

1    6. Defendants shall reply to the amended complaint within the time provided by
2    the applicable provisions of Fed. R. Civ. P. 12(a).

3    7. Unless otherwise ordered, all motions to dismiss, motions for summary
4    judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59
5    and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall
6    be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be
7    deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only
8    as directed by the court.

9    8. If plaintiff is released from prison at any time during the pendency of this case,
10   any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule
11   78-230(m). In the absence of a court order granting such a request, the provisions of Local Rule
12   78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.
13   See Local Rule 1-102(d).

14   9. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),
15   plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to
16   exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of
17   the Federal Rules of Civil Procedure. Such a motion is a request for dismissal of unexhausted
18   claims without prejudice. The defendant may submit affidavits or declarations under penalty of
19   perjury and admissible documentation to support the motion to dismiss. To oppose the motion,
20   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.
21   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
22   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
23   the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve
24   and file one or more affidavits or declarations by other persons who have personal knowledge of
25   relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the
26   records are what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence

3

1   with admissible evidence, the court may rely on the defendant's evidence. In the event both sides
2   submit matters outside the pleadings, the court may look beyond the pleadings and decide
3   disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the
4   court may consider the failure to act as a waiver of opposition to the defendant's motion. If the
5   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
6   unexhausted claims will be dismissed without prejudice.

7           10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
8   and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following
9   requirements for opposing a motion for summary judgment made by defendants pursuant to Rule
10   56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment
11   in favor of defendants without trial. A defendant's motion for summary judgment will set forth
12   the facts that the defendants contend are not reasonably subject to dispute and that entitle the
13   defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof
14   of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may
15   rely upon statements made under the penalty of perjury in the complaint if the complaint shows
16   that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's
17   attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one
18   or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's
19   claims; the person who signs an affidavit or declaration must have personal knowledge of the
20   facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are
21   what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or
22   more depositions, answers to interrogatories, or admissions obtained in this proceeding. If
23   plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible
24   evidence, the defendants' evidence may be taken as the truth and the defendants' motion for
25   summary judgment granted. If there is some good reason why such facts are not available to
26   plaintiff when required to oppose a motion for summary judgment, the court will consider a

1    request to postpone considering the defendants' motion. If plaintiff does not serve and file a
2    written opposition to the motion or a request to postpone consideration of the motion, the court
3    may consider the failure to act as a waiver of opposition to the defendants' motion. If the
4    defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment
5    will be entered for the defendants without a trial and the case will be closed.

6            11. A motion or opposition supported by unsigned affidavits or declarations will
7    be stricken.

8            12. Each party shall keep the court informed of a current address at all times
9    while the action is pending. Any change of address must be reported promptly to the court in a
10   separate document captioned for this case and entitled "Notice of Change of Address." A notice
11   of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(f),
12   service of documents at the record address of a party is fully effective. Failure to inform the
13   court of a change of address may result in the imposition of sanctions including dismissal of the
14   action.

15           13. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
16   Court.

17           14. The failure of any party to comply with this order, the Federal Rules of Civil
18   Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
19   not limited to, dismissal of the action or entry of default.

20   DATED: June **22**, 2007.

23   DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:bh
mack0551.8uc

5