1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN MACKSON, SR.,

11           Plaintiff,                No. CIV S-07-0551 LKK DAD P

12       vs.

13   DR. ROCHE, et al.,

14           Defendants.               ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action.  On May

17   30, 2007, the undersigned found that plaintiff's amended complaint appeared to state cognizable

18   claims for relief against defendants Roche, French, Miller, James, Dudley, and Dial.  The court

19   also found that plaintiff's amended complaint did not state a cognizable claim against Warden

20   Felker because plaintiff had failed to allege any specific causal link between the actions of

21   Warden Felker and the claimed constitutional violations.  The court ordered plaintiff to complete

22   and return to the court the USM-285 forms and other documents necessary to effect service on

23   defendants.  In due course, the United States Marshal served defendants, and defendants filed an

24   answer to plaintiff's complaint.

25   /////

26   /////

                                        1

On September 19, 2007, plaintiff filed a request for leave to amend his complaint together with a proposed second amended complaint.[1]  In plaintiff's proposed second amended complaint, he identifies as new or additional defendants Theresa Kimura, Vicki O'Shaughnessy, Warden Felker, High Desert State Prison, the California Department of Corrections and Rehabilitation, and John and Jane Does 1-50.  Defendants have not filed either an opposition or a statement of non-opposition to plaintiff's request.

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a).  A court should grant leave to amend freely when justice so requires.  Id.  The Supreme Court has instructed lower courts to heed carefully the command of Rule 15.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  This liberality in granting leave to amend is not dependent on whether the amendment will add new parties.  DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  Rather, as the Supreme Court has articulated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182.  See also Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).

Here, the court finds that it would be futile for plaintiff to amend his complaint.  Specifically, the allegations in plaintiff's proposed second amended complaint against the newly-identified defendants are so vague and conclusory that the court is unable to determine whether they are frivolous or fail to state a claim for relief.  Plaintiff has failed to allege with sufficient particularity the overt acts which these new defendants engaged in that support his claims.

---

[1]  Although plaintiff refers to his proposed second amended complaint as a "first amended complaint," it is actually his second amended complaint.  Plaintiff's May 21, 2007 amended complaint, the operative pleading in this matter, is his first amended complaint.

In addition, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, High Desert State Prison and the California Department of Corrections and Rehabilitation have not consented to suit, so plaintiff would not be able to proceed against them.  Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Even if plaintiff's proposed second amended complaint did state a cognizable claim against any of the Doe defendants, the court cannot order service of a complaint on defendants not actually identified by name.

Finally, under Local Rule 15-220, an amended complaint must be complete in itself without reference to any prior pleading.  Here, if the court were to grant plaintiff's request to amend his complaint, his proposed second amended complaint would supersede his amended complaint.  However, the allegations in plaintiff's proposed second amended complaint against the defendants who have already filed an answer in this action are vague and conclusory and in some instances do not allege a specific causal link between the named defendants and plaintiff's legal claims.  Accordingly, the court will deny plaintiff's request for leave to amend without prejudice, and the case will proceed on plaintiff's May 21, 2007 amended complaint and the court's September 4, 2007 discovery order.

Also before the court are several other requests from plaintiff related to discovery.  First, plaintiff has filed a motion to stay discovery until after the court rules on his request to amend his complaint.  In light of the foregoing discussion, plaintiff's motion will be denied as moot.  Plaintiff has also requested clarification on any discovery deadlines and an extension of time to request production of documents from defendants.  Plaintiff is advised that the court has not yet issued a scheduling order in this matter and there are no current discovery deadlines.  Finally, plaintiff has filed what appears to be a request for an extension of time to respond to

defendants' request for production of documents.  Good cause appearing, plaintiff's request will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's September 19, 2007 request to amend his complaint is denied without prejudice;

2.  Plaintiff's December 21, 2007 motion to stay discovery is denied as moot;

3.  Plaintiff's January 8, 2008 request for an extension of time to request production of documents from defendants is denied as unnecessary;

4.  Plaintiff's January 8, 2008 request for an extension of time to respond to defendants' request for production of documents is granted.  If plaintiff has not already responded to defendants' discovery request, plaintiff shall do so within thirty days of the date of this order; and

5.  Plaintiff's April 18, 2008 request for clarification on discovery deadlines is granted.  The court has not issued a scheduling order in this matter and there are no current discovery deadlines in place.

DATED: June 10, 2008.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mack0551.10mod

4